In the Matter of the Probate of the Last Will and Testament of HATTIE BUSH, Deceased.

Surrogate's Court, Saratoga County, June 28, 1929.

*Burton D. Esmond*, for the executor.

*Schwarte, Slade, Harrington & Goldsmith* [*John A. Slade* of counsel], for the contestants.

Tuck, S. On the 7th day of December, 1925, Hattie Bush executed a deed to her son, Lawrence Morris, and his wife, Bessie Morris, of her house and lot in the village of Ballston Spa, the consideration for which was the sum of one dollar and the agreement by the parties of the second part to support and maintain her during her natural life in the premises and furnish her with a room as her own and to furnish her with board and lodging and clothing, medicines, care and medical attendance and all the necessaries of life. At the same time that the deed was made and executed the decedent executed her will wherein she gave all her property and estate to her son, said Lawrence Morris, absolutely.

The witnesses to the will were Burton D. Esmond, counsel for the proponent, and Mary Castle, a clerk in his office.

On the 23d day of March, 1926, a written demand for the cancellation of the aforesaid deed was made by Hattie Bush, and on the 24th day of March, 1926, the decedent verified a complaint in an action in the Supreme Court against Lawrence Morris and Bessie Morris praying for a judgment that the said deed be adjudged to be void in its inception because of the non-performance of the conditions therein set forth, etc.

Thereafter, and on April tenth, the parties entered into an agreement for a settlement, by the terms of which the defendants were to execute and deliver to the plaintiff a quitclaim deed canceling the deed heretofore given by the plaintiff to the defendants and reconveying the said premises, and the agreement witnessed the payment by the plaintiff to the defendants of the sum of $400 as consideration for said reconveyance and in full settlement of all claims on the part of the defendants against the plaintiff, and thereafter the deed therein provided for was executed and delivered to Hattie Bush and she went into possession of the property.

On May 28, 1928, Hattie Bush died and on the 6th day of June, 1928, a petition was filed in the Surrogate's Court of Saratoga county praying for the probate of the last will and testament of said deceased, dated September 7, 1925. A citation was issued and served upon all the parties required by law to be cited. Upon

the return of said citation Cora Miller, Harvey Morris, Edith Schimp, Lillian Wood and Bertha Crawford appeared by counsel, who demanded an examination preliminary to the filing of objections.

The examination of the witnesses proceeded and upon the close of the examination objections to the petition were filed, raising seven separate objections to the probate of the will: (1) Upon the ground that the said paper is not the last will and testament of the deceased; (2) that said paper was not duly executed as a last will and testament, or intended to dispose of any property; (3) that if executed said paper was revoked; (4) alleging the unsoundness of mind of decedent on the 7th day of December, 1925; (5) alleging undue influence; (6) alleging that said paper, if executed at all, was executed for the purpose of confirming a transfer of certain real estate of the deceased which transaction was subsequently revoked; (7) that the paper is illegal and void by reason of the retransfer of the premises, which retransfer it is alleged was intended to revoke all prior transfers of the said property including said conveyance contained in said will executed in confirmation thereof.

Contestants thereupon submitted the preliminary examination of the witnesses as the proofs upon which they claim to have established the allegations contained in their objections and no further proofs were offered by either party and the matter submitted in that form.

As to the second objection, that the paper was not duly executed: Upon the proofs the court must conclude that this objection is not sustained.

Upon the fourth objection, that the decedent was not of sound mind: The court must likewise conclude upon the proofs that this objection is not sustained.

Upon the fifth objection, that the execution of the will was obtained by duress and undue influence: The court must likewise find upon the proofs that this objection is not sustained.

The first, third, sixth and seventh objections relate to the effect which the reconveyance had or may have upon the duly executed will, and whether the reconveyance of the real estate of the deceased, pursuant to her written demand, and after the service of the summons and complaint, constituted a revocation of her will. It is not claimed by contestants, nor is there any proof anywhere in the record from which it would appear, that any document was ever executed by the deceased wherein she effected the revocation of her will in such manner as the statute provides. The will, according to the proofs, remained in the office of Mr. Esmond from the time of its execution until it was filed in the Surrogate's Court for probate. Consequently there was no opportunity for a revocation of the will

by destruction or cancellation thereof and the revocation of the will could only have been effected as a legal result of the transactions between Hattie Bush and Lawrence Morris, or by the execution of some paper substantially conforming to the provisions of the statute in relation to a written revocation of a will.

The question presented directly to the court is whether the transactions which we have referred to can in law and in equity be considered as constituting a revocation.

The testimony of Mr. Esmond in respect to the execution of the deed and will is clear and direct, that they were a part of the same transaction (stenographer minutes, pp. 8, 9), and from Mr. Esmond's further testimony that where deeds of a similar nature are prepared by him a similar procedure is had as in respect to the execution of a will.

Mrs. Anna M. Fournier, an apparently entirely disinterested witness, has testified that at the time of the transaction Mrs. Bush had stated that she wanted her son Lawrence to have the property when she was through.

The testimony of Mrs. Cora Miller is to the effect that when Mrs. Bush consulted her attorney with a view to having the deed set aside, she informed her attorney that she had not made a will, and this declaration by the decedent appears to have been repeated at other times.

We are bound by the presumption that Mrs. Bush knew the law and knew the effect of the declarations made by her which appear in the record; that she did not intend to make a will; that she had never made a will; that Lawrence Morris had received all he would ever receive of her estate, were to, at least, some extent contradictory, for if she had not, and never did, make a will Lawrence Morris would inherit a part of her estate in contradiction of the expressions of the testatrix.

The theory of contestants' counsel is that the will and the deed were so intimately woven into the fabric of a transaction which depended so completely upon a single consideration that the revocation of the deed must not be looked upon except as evidencing the intention of the parties that the entire transaction should fall and that otherwise a fraud upon the testatrix results, for upon the revocation of the deed the proponent did not intend, nor was he obligated, to perform the considerations set forth in the deed, and the same considerations were the considerations which impelled the execution of the will.

There is a further claim that fraud is evidenced by the statements contained in the verified complaint which decedent executed and a copy of which has been received in evidence. The reception of

a copy of this document, however, can hardly constitute proof of the allegation therein contained. It is perhaps a question whether the failure of the attorney for Lawrence Morris in negotiations had in relation to the revocation of the deed, constituted a ground of fraud. We must, however, have in view that he was not at that time acting as Mrs. Bush's attorney and that she was entirely free at any time to make such will as she chose, if indeed she chose to make a will at all. She was competent to revoke the will in such manner as the statute provides. No inquiry appears to have been made in respect to the will or to its revocation or to any matters connected with it other than we have stated at the time of the reconveyance.

Was there such fraud, concealment or deception practiced upon Mrs. Bush as would operate to effect a revocation of the will and create a case parallel to the case of *Riggs* v. *Palmer* (115 N. Y. 506)?

The attorney for Lawrence Morris at that time was acting in the interest of his client. That an effort was made to conceal the existence of a will does not appear; neither on the other hand does it appear that Mrs. Bush was reminded that the document still existed. Whether there was any duty upon Mr. Esmond to so remind her is perhaps not a pertinent question here.

In *Riggs* v. *Palmer*, where a grandson had knowledge of the existence of a will executed by his grandfather in which he had a substantial interest, he murdered his grandfather in order to become entitled to the beneficial provisions of the will, and the Court of Appeals has held that no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. The effect of the action of the grandson in the case cited *supra* was to prevent the testator from making any disposition of his property whether by will or by deed.

In the case we have under consideration, however, after the termination of the transactions by which Mrs. Bush was reinvested with title, she was then capable and had opportunity either to revoke the old will, to make a new will, or to make a conveyance of the property to whomsoever she chose. Consequently the facts in the case under consideration do not bring it within the principles laid down in *Riggs* v. *Palmer*.

We must conclude, therefore, in respect to the objections of the contestants, that the valid will of Hattie Bush made and executed on the 7th day of December, 1925, was never revoked, and whatever may have been the intention of the testatrix this intention was never evidenced by any document sufficient to give her intention legal effect.

Let a decree be entered accordingly.